THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED

2012 MAR -8 P 4: 09

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN RE A SEARCH WARRANT ISSUED TO
GOOGLE, INC. ON AUGUST 24, 2011

Case No. 1:11EC56; 1:11 SW 454

IN RE A 18 U.S.C. § 2703(d) ORDER
ISSUED TO GOOGLE, INC. ON JUNE 10,
2011

## MOTION FOR CLARIFICATION

The United States of America, by and through Neil H. MacBride, United States Attorney, Eastern District of Virginia, and the undersigned Assistant United States Attorney, hereby moves for clarification regarding this Court's February 28, 2012, orders entered in the above-captioned matters. For the following reasons, the United States requests that the Court clarify whether the 2703(d) order and redacted search warrant have been unsealed, allowing Google, Inc., to disclose the order and redacted search warrant to *any* person, or whether Google, Inc., is authorized to disclose the sealed 2703(d) order and redacted search warrant *only* to the subscriber identified in the order and search warrant. Such clarification is necessary because it may affect the government's decision regarding whether to appeal the Court's February 28, 2012 Orders.

On February 28, 2012, this Court entered orders in 1:11 EC 56 and 1:11 SW 454 authorizing Google to "deliver to its subscriber" a redacted copy of the search warrant filed under that number and a copy of the Court's June 20, 2011 Order issued pursuant to 18 U.S.C. § 2703(d).

With regard to the search warrant, the Court found that "the government's interest in concluding its investigation no longer outweighs disclosure *to the subscriber* of the existence of the warrant." *In re a Search Warrant Issued to Google, Inc. on August 24, 2011*, No. 1:11 SW 454, at *1 (E.D. Va. Feb. 28, 2011) (emphasis added). The Court found that one concern raised by the government was overtaken by events, and that the government's remaining non-specific concerns were speculative, noting "[i]t is difficult to imagine circumstances in which *this Google subscriber* has not assumed government access to this account and acted accordingly." *Id.* (emphasis added). The Court authorized disclosure of a redacted copy of the warrant to the Google subscriber, and stated that the "remainder of the record will remain under seal." *Id.*

With regard to the Section 2703(d) Order, the Court made similar findings, noting that "[i]t is difficult to imagine circumstances in which *this Google subscriber*, as described by the government in its brief, has not assumed government access to this account and acted accordingly." *In re a 18 U.S.C. § 2703(d) Order issued to Google, Inc. on June 10, 2011*, No. 1:11 EC 56 (E.D. Va. Feb. 28, 2011) (emphasis added). The Court authorized disclosure of the Section 2703(d) Order to the subscriber, and stated that the "remainder of the record will remain under seal." *Id.* In both Orders, the Court gave the government fourteen days to appeal.

After receiving the Court's Order, the government contacted Google, Inc., regarding the Court's orders, to inquire whether Google interpreted the Court's orders to authorize disclosure of the Section 2703(d) order and redacted warrant to persons other than Google's subscriber. Google stated that its position was that the Court's orders were unsealing orders, as the Court stated that "the remainder of the record will remain under seal." Thus, as the government understands Google's position, after the expiration of the 14-day appeal period there would no longer be any prohibition on the distribution of the Court's orders by Google to any person.

Google stated it had no present intent to provide the orders to any individuals other than the subscriber, but that, under its interpretation, there was no sealing order or other restriction that would prohibit distribution of the search warrant and order.

The government disagrees with Google's interpretation of the Court's orders. The Court's orders authorized Google to provide the redacted search warrant and Section 2703(d) Order to Google's subscriber, not to any person. Moreover, the Court found only that Google's subscriber was aware of the government's investigation and likely assumed government access to the account. The Court did not make a finding that all persons were likely aware of the government's targeting of the relevant account. Finally, because the search warrant and Section 2703(d) order identify the specific e-mail account at issue, a disclosure by Google to a third party would allow that third party to easily identify the subscriber. Thus, the government interprets the Court's orders to authorize disclosure by Google to the subscriber only, and not to any other person.

Because Google and the government disagree regarding the interpretation of the Court's February 28, 2012 Orders, the government respectfully requests that the Court enter a clarification order regarding the permitted scope of Google's disclosure. Because the Court's decision is relevant to the Government's decision regarding appeal, the government also requests that the 14-day period for appeal, outlined in the Court's February 28, 2012 Orders, be extended until one week after the Court decides this motion. The government has discussed this motion with Google, and Google does not object to a one week extension of the appeal period from the

date the Court decides the motion. Google has also requested that the government inform the Court that Google would like to respond to this motion for clarification, and that Google requested it be given until March 12, 2012, to file its responsive pleading.

Respectfully submitted,

Neil H. MacBride
UNITED STATES ATTORNEY

Andrew Peterson
Assistant United States Attorney
Office of the United States Attorney
2100 Jamieson Ave.
Alexandria, VA 22314

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing pleading was delivered by e-mail on this 8th day of March 2012 to the following individual:

John Roche
Perkins Coie
700 Thirteenth St. N.W. Suite 600
Washington, DC 20005

 

_____
Andrew Peterson
Assistant United States Attorney